IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CHARLES PONTER AND**
**PAMELA HINES,**

    **Plaintiffs,**

                                      Case Number _____

**v.**

**NAVIENT SOLUTIONS, INC.**

    **Defendant.**

### [1]AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs bring this action against Defendant on the grounds and the amounts set forth herein.

### I. PRELIMINARY STATEMENT

This action arises out of the facts and circumstances surrounding debt collection practices and phone calls made to the Plaintiffs. Plaintiffs institute this action for actual and statutory damages against the Defendant and the costs of this action against Defendant for violations of the Telephone Consumer Protection Act (hereinafter "*TCPA*") 4*7 U.S.C. 227 et seq,* and the West Virginia Credit and Consumer Protection Act (hereinafter "*WVCCPA*") *§46A-1-101 et seq*.

### II. STATUTORY STRUCTURE *TCPA*

1. The *Telephone Consumer Protection Act, 47 U.S.C. 227* ("*TCPA*") amended the *Federal Communications Act 47 U.S.C. 151, et seq. ("FCA")* to address the uses of automatic telephone dialing systems, artificial or prerecorded voice messages, SMS text messages reviewed by cell phones, and the use of fax machines to send unsolicited advertisements.

---

[1] Pursuant to Fed. R. Civ P. 15(a)(2), Plaintiffs wish to amend and replace the Complaint with this Amended Complaint to correct scrivener's errors and other errors.

2. Under the *TCPA* "automatic telephone dialing system" (hereinafter "ATDS") means equipment which has the capacity-

   (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and

   (B) to dial such numbers.  See, *47 U.S.C.  227 (a)(1)*.

3. Under the *TCPA*, it is unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice message to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

4. Under the *TCPA*, a person or entity may, if otherwise permitted by the laws of the rules of the court of a State, bring in an appropriate court of that State:

   (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

   (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater,  or

   (C) both such actions.

5. If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph. *47 U.S.C.  227 (b)(3)*.

### III. STATUTORY STRUCTURE *WVCCPA*

6. The West Virginia Consumer and Credit Protection Act ("*WVCCPA*") incorporates elements of the Uniform Consumer Credit Code, the National Consumer Act, and other West Virginia statutes. *Cadillac v. Tuscarora Land Co.,* 412 S.E. 792, 794 (W. Va 1991). The *WVCCPA* addresses telemarketing solicitations, among other consumer issues.

7. Under the *WVCCPA*, no debt collector shall unreasonably oppress or abuse any person in connection with the collection of or attempt to collect any claim alleged to be due and owing by that person or another. It is unreasonable, oppressive, or abusive for a debt collector to cause a telephone to ring or engaging any person in telephone conversation repeatedly or continuously, or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number. See *§46A-2-125(d).*

8. Under the *WVCCPA*, no debt collector shall use unfair or unconscionable means to collect a debt from a consumer by placing calls to the Consumer on Consumer's cellular or residential telephone using an automatic dialing system or artificial or prerecorded voice without the express consent of the Consumer or after such permission was revoked in violation of the *TCPA*. See *§46A-2-128.*

9. Under the *WVCCPA*, a person or entity may bring in an action in an appropriate court of that State:

> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) If a creditor has violated the provisions of this chapter applying to any prohibited debt collection practice, the consumer has a cause of action to recover actual damages and in addition a right in an action to recover from the person violating this chapter a penalty in an amount determined by the court not less than one hundred dollars nor more than one thousand dollars. *§46A-5-101(1).*

(C) in any claim brought under this chapter applying to illegal, fraudulent or unconscionable conduct or any prohibited debt collection practice, the court may award all or a portion of the costs of litigation, including reasonable attorney fees, court costs and fees, to the consumer. *§46A-5-104.*

(D) in any action brought under this article where damages are awarded to a consumer, the court may adjust the damages to account for inflation from the first day of September, 1974. To the time of the award of damages, in an amount determined by the application of data from the consumer price index. Consumer price index means the last consumer price index for all consumers published by the United States department of labor. *§46A-5-106,*

(E) all such actions.

## IV. PARTIES, JURISDICTION, AND VENUE

Plaintiff sues Defendant and further alleges as follows:

10. Plaintiff Charles Ponter is a resident of Fayette County, Kentucky and domiciled therein.

4

11. Plaintiff Pamela Hines is a resident of Monongalia County, West Virginia and domiciled therein.

12. Upon information and belief, Defendant is foreign for-profit company, doing business in Fayette County, KY, and Monongalia County, WV.  Defendant, Navient Solutions, Inc., (hereinafter "Navient") is a Delaware Corporation and debt collector as defined by the West Virginia Consumer Credit and Protection Act and federal statutes.  Material events occurred in Monongalia County, West Virginia, and Fayette County, Kentucky with respect to the Plaintiffs.

13. Jurisdiction is conferred on this Court by 28 U.S.C. 1331, and *W. Va. Code* § 51-2-2.

14. Venue is this Court is proper in that the Defendant transacts business here and the conduct underlying the complaint occurred in Monongalia County, West Virginia, and under Venue for this action properly lies in Monongalia County under W. V. Code § 56-1-1.

## V. FACTUAL ALLEGATIONS

15. Defendant is a debt collector, pursuant to *W. Va. Code § 46A-2-122(d)*

16. Upon information and belief, the calls described below which were placed by the Defendant were placed utilizing an "automatic telephone dialing system" or "artificial or prerecorded voice" as defined by 47 U.S.C. §227.

17. Upon information and belief, the Defendant maintains a record of each call placed to the Plaintiffs regarding the account by date, time called, duration of call, the identity of Defendant's employee or representative and notes or codes placed upon such record by the Defendant's employee or representative.

18. The Defendant called Plaintiffs repeatedly using an automatic telephone dialing system or an artificial or prerecorded voice beginning, at least in May, 2013.

19. Defendant initially began calling Plaintiff Hines father, Plaintiff Ponter, concerning alleged student debts.  Plaintiff Ponter was a co-signor on some of Plaintiff Hine's alleged debts, but not all.

20. Plaintiff Hines repeatedly requested that Defendant contact her regarding the alleged debts, and not her father, Plaintiff Ponter.

21. From the beginning of May until May 26, 2015, Defendant continued to contact Plaintiff Ponter.

22. Plaintiffs requested a verbal cease and desist on or about May 8, 2015, May 21, 2015, and May 27, 2015.

23. From May 2015 to Present, the Defendant knowingly placed calls to the Plaintiffs' cellular telephone utilizing an automatic telephone dialing system or artificial or prerecorded voice without the express consent of the Plaintiffs.

24. Defendant was aware Plaintiffs were represented by an attorney, and was given the attorney's contact information on May 27, 2015.

25. On information and belief, Defendant has contacted Plaintiff Hines after she requested a cease and desist, including around 31 calls or more to her cellular phone, and more than 25 other types of contact initiated by Defendant, including mail by post and emails regarding the alleged debts.

26. Mrs. Hines called defendant and set up a forbearance in May 2015.  Defendant assured Mrs. Hines that she was not required to pay a previously requested $50 fee, and that the forbearance had been approved.  In spite of Defendant's assurances that Mrs. Hines'

loans were in forbearance, Defendant continued to contact Plaintiff Ponter and demand payment.

27. In June 2015, Defendant refused to honor the prior forbearance, and requested that Mrs. Hines pay monies to re-approve the forbearance, and threatened to record her loans as being defaulted.

28. Upon information and belief, Defendant repeatedly published Plaintiff Hines' private and protected information by stating that she had a debt, the amount of the debt, and that the debt was past due to Plaintiff Ponter. Plaintiff Hines did not reside with Plaintiff Ponter, and Plaintiff Ponter was not a cosigner on all alleged debts published by Defendant.

29. Based upon information and belief, the Defendant was aware that the initiation of calls and the leaving of artificial or prerecorded voice messages to a cellular phone such as that of the Plaintiffs is likely to cause the recipient to incur charges.

30. Defendant continues to contact Mrs. Hines via email, even when Mrs. Hines requested a cease and desist and gave Defendant the attorney's contact information.

31. Based upon information and belief, the Defendant placed calls to the Plaintiffs with the intent to annoy, harass and threaten the Plaintiffs.

32. As a result of the foregoing actions, the Plaintiffs have been annoyed, aggravated, harangued, embarrassed, and otherwise damaged.

33. As a result of the foregoing actions, Plaintiff's reputation has been damaged.

## VI. COUNT I.

34. Plaintiff repeat, re-allege, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the *TCPA* include, but are not limited to, the following:

35. The actions of the Defendant individually and collectively violated the *TCPA* by placing calls to the Plaintiff on Plaintiff's cellular telephone using an ATDS or artificial or prerecorded voice without the express permission of the Plaintiff.

36. Alternatively, Defendant has violated the *TCPA* by placing calls to the Plaintiff on Plaintiff's cellular telephone using an ATDS or artificial or prerecorded voice after the Plaintiff revoked any permission of the Defendant to place such calls.

37. The foregoing violations of the *TCPA* were committed willfully or knowingly by the Defendant or its agents.

## VII. COUNT II.

38. Plaintiff repeat, re-allege, and incorporates by reference the foregoing paragraphs.

39. The Defendant has engaged in repeated violations of the *WVCCPA*, including but not limited to:

    a. Engaging in unreasonable or oppressive or abusive conduct towards the Plaintiff in connection with the attempt to collect a debt by placing telephone calls to the Plaintiff in violation of *W. Va. Code § 46A-2-125*;

    b. Causing the Plaintiff's telephone to ring or engaging the Plaintiff in telephone conversations repeatedly or continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse, or oppress the Plaintiff in violation of *W. Va. Code § 46A-2-125(d)*;

    c. Unreasonably publicizing information relating to any alleged indebtedness or consumer in violation of *W. Va. Code §4 6A-2-126.*

    d. Using fraudulent, deceptive or misleading representations by making false representations of the status of a claim in a legal proceeding in violation of *W. Va. Code § 46A-2-127(d)*;

    e. Using fraudulent, deceptive or misleading representations by making false representations of the status or true nature of or the services rendered by the debt collector in violation of *W. Va. Code § 46A-2-127(h)*;

    f. Using generally unfair or unconscionable means to collect a debt from Plaintiff in violation of *W. Va. Code § 46A-2-128* by placing calls to the Plaintiff on Plaintiff's cellular or residential telephone using an automatic telephone dialing system or artificial or prerecorded voice without the express consent of the Plaintiff or after such permission was revoked in violation of the *TCPA*; and

    g. Violating *W. Va. Code §46A-2-125* by using a computer, with the intent to harass or abuse the Plaintiff, to make contact with the Plaintiff after being requested by the Plaintiff to desist in violation of *W. Va. Code §61-3C-14(a)*.

## VIII. RELIEF SOUGHT

Plaintiff requests the following relief:

(1) Statutory damages pursuant to the *TCPA 47 U.S.C. 227, et seq*;

(2) Statutory damages pursuant to the *WVCCPA § 46A-1-101, et seq*, including statutory damages in the maximum amount authorized by *W. Va. Code § 46A-5-101(1)* as adjusted for inflation pursuant to *W. Va. Code § 46A-5-106* for all such violations that occurred up to the date and time of the filing of this complaint;

(3) Fair and reasonable costs of this action, including attorney fees and court costs;

(4) Injunctive relief;

(5) Such other and further relief that the Court deems just and proper.

WHEREFORE, Plaintiff seeks judgment against Defendant for actual and statutory damages, reasonable attorney fees and costs, injunctive relief, and such other and further relief that the Court deems just and proper.

By Counsel.

**_____/s/ Charles R. Pinkerton_____**
Charles R. Pinkerton (WV Bar No. 12249)
Pinkerton Law Practice, PLLC
235 High Street, Suite 817
Morgantown, WV 26505
P:  304.933.2113
F:  304.933.2108

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

**CHARLES PONTER AND**
**PAMELA HINES**

       Plaintiff,                         Civil Action No.:  1:15-cv-170
                                                      Judge Keeley

v.

**NAVIENT CORPORATION,**

       Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of October, 2015, a copy of the foregoing ***AMENDED COMPLAINT*** was filed electronically.  Notice of this filing will be sent to the following party by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Jared M. Tully (WV Bar # 9444)
Frost Brown Todd LLC
Laidley Tower - Suite 401
500 Lee Street East
Charleston, WV  25301
(304) 345-0111 / (304) 345-0115
*Counsel for Defendant*

                                                    */s/ Charles R. Pinkerton*
                                                    Charles R. Pinkerton